UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
JOSE GUTIERREZ,

                                Plaintiff,          **AMENDED COMPLAINT**

   -v-                                                        **Index No. 15-CV-00220**

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") KRISTOPHER
MARTIN a/k/a POM KRISTOPH MARTIN (Shield
No. 26600), P.O. PEDRO VALLECILLO (Shield
No. 30714), Lieutenant WILLIAM MEYER,
Lieutenant MCNEIL, P.O. JOHN DOE 1-2,

                                Defendants.
---------------------------------------------------------------------x

       Plaintiff JOSE GUTIERREZ, by his attorneys Mark C. Taylor and Gillian Cassell-Stiga of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate Plaintiff' rights under the First, Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff JOSE GUTIERREZ's rights were violated when defendant officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including their unreasonable and unlawful seizure of Plaintiff' person, plaintiff was deprived of his constitutional rights.

3. Mr. GUTIERREZ also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff' claims arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff JOSE GUTIERREZ was at all times relevant to this action a resident of Kings County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Officer ("P.O.") KRISTOPHER MARTIN a/k/a POM KRISTOPH MARTIN (Shield No. 26600) ("MARTIN"), P.O. PEDRO VALLECILLO (Shield No. 30714) ("VALLECILLO"), Lieutenant WILLIAM MEYER ("MEYER"), Lieutenant MCNEIL ("MCNEIL"), and P.O. JOHN DOE's 1 -2, are and were at all times relevant herein, officers, employees and agents of the NYPD acting under color of state law in the course and scope of their duties and functions and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, employees and agents of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. GUTIERREZ's rights.

13. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14. The true names and shield numbers of defendants P.O. JOHN DOE's 1 through 2 are not currently known to the Plaintiff.[1]  However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Plaintiff intend to name said officers as defendants in an amended pleading once the true names and

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

15. At approximately 9:25 p.m. on June 8, 2014, JOSE GUTIERREZ was arrested without probable cause on 5th Avenue near 46th Street, in the County of Kings in the state of New York, during the Puerto Rican Day Parade.

16. After learning that his fifteen-year-old nephew had been assaulted by an officer, Mr. GUTIERREZ approached the sidewalk side of a parked police vehicle to speak with the officer seated inside through the passenger window.

17. This block of 5th Avenue was closed to vehicular traffic. Upon information and belief, barricades had also been placed to prevent vehicular traffic from entering 5th Avenue.

18. The conversation concluded and the police vehicle pulled away. Mr. GUTIERREZ stepped off the sidewalk and began to cross 5th Avenue.

19. While crossing the street, Mr. GUTIERREZ felt a body press up behind him. He turned to look and saw an officer behind him.

20. Mr. GUTIERREZ then heard an officer shout "GET HIM."

21. Mr. GUTIERREZ placed his wrist behind him in anticipation of being cuffed and was then grabbed by officers.

22. Mr. GUTIERREZ was led to a van and pushed inside. Inside the vehicle he was handcuffed.

23. At no time did Mr. GUTIERREZ say anything to the effect of "Get the cops."

24. Plaintiff Mr. GUTIERREZ was arraigned on the charges of Inciting to Riot, P.L. § 240.08, Obstruction of Government Administration, § 195.05, Disorderly Conduct, P.L. § 240.20(2), Resisting Arrest, P.L. § 205.30.

25. These charges were based on the falsified evidence of P.O. MARTIN and P.O. VALLECILLO.

26. Upon information and belief MEYER and MCNEIL were present and failed to intervene in the arrest.

27. Plaintiff Mr. GUTIERREZ spent slightly less than 24 hours in the defendants' custody as a result of their arrest and was required to appear in court on approximately four occasions.

28. The charges were dismissed via ACD on July 30, 2014.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
**(Against all Defendants)**

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of their rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of their persons – including the use of excessive force; (b) freedom from arrest without probable cause; (c) freedom of speech (d) freedom from retaliatory arrest (e) freedom from false imprisonment; (f) freedom from the lodging of false charges against them by police officers; and (g) freedom from having police officers fabricate evidence against them.

31. Defendants' deprivation of Plaintiff' constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM FOR RELIEF**
**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS**
(Against all the City of New York)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. MARTIN, P.O. VALLECILLO, and P.O. JOHN DOEs 1-3, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

35. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiff' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

36. As a result of the foregoing, Plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

37. Plaintiff demands a trial by jury in this action on each and every one of their damage claims.

**JURY DEMAND**

WHEREFORE, Plaintiff demands judgment against the defendants individually and jointly and pray for relief as follows:

a. That they be compensated for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That they be awarded punitive damages against the individual defendants; and

c. That they be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
May 29, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Mark Taylor
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507